IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLY DEWAYNE WALKER**                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:20-cv-00025-LGI**

**CITY OF MERIDIAN, MISSISSIPPI, et al.**                                         **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the *Renewed Motion to Dismiss or for Judgment on the Pleadings* [43] and *The City of Meridian's Motion for Summary Judgment Based on the Heck Doctrine* [45] filed by Defendant City of Meridian, on December 29, 2021. Defendant Joshua Thames was never served with process in this action and has made no appearance. Plaintiff Billy Dewayne Walker ("Plaintiff" or "Walker") filed no responsive documents to either of the Defendant's motions. Having considered the submissions, the record and relevant law, the undersigned finds that *The City of Meridian's Motion for Summary Judgment Based on the Heck Doctrine* [45] shall be GRANTED and the *Renewed Motion to Dismiss or for Judgment on the Pleadings* [43] is hereby MOOTED.

**I.     Facts and Relevant Procedural History**[1]

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff alleges he was subjected to excessive force by City of Meridian police officer Joshua Thames ("Officer Thames"). *See* Complaint, Doc. [1]; Omnibus Hearing Transcript, Doc. [28]. He claims the City of Meridian Police Department did not properly train Officer Thames. Doc. [28], pp. 15, 22. On August 13,

---

[1] The facts set forth in this section are taken from Plaintiff's Complaint, the Plaintiff's sworn testimony at the Omnibus Hearing, and Defendant's Memorandum in Support of Motion for Summary Judgment and exhibits. Doc. [45] and [46]. Of note, Plaintiff's version of the facts differs in several respects from the version of facts provided by Defendant City of Meridian.

2019, Officer Thames was responding to a triggered burglary alarm at a Dollar Tree store in Meridian, Mississippi when he spotted Walker walking down the road. Officer Thames stopped Walker and began questioning him regarding his identity. At the Omnibus Hearing on Plaintiff's Complaint, Walker testified that at the time of this stop, he was a fugitive from probation through Mississippi Department of Corrections ("MDOC"). Fearing that Officer Thames would discover his status as a fugitive, Walker attempted to evade arrest by running away from the officer. Officer Thames pursued Walker, and when he caught up to Walker, they engaged in a physical altercation. During the physical struggle, both Walker and Officer Thames ended up on the ground. Walker, who is significantly larger than Officer Thames, was getting the better of the officer. Officer Thames pulled his service weapon and fired one shot at Walker, striking him in the upper right thigh. Both Officer Thames and Walker sustained injuries from the altercation. After the altercation, Walker was placed under arrest and transported to a hospital for medical treatment. He underwent surgery and was released into the custody of the Lauderdale County Police Department, where he was held at the Lauderdale County Detention Facility ("LCDF") on a probation violation and on pending charges of burglary and assault on a law enforcement officer.

Walker was a pretrial detainee at LCDF when he brought the subject 42 U.S.C. § 1983 action on January 13, 2020, alleging excessive force against the City of Meridian, Mississippi Police Department. Doc. [1]. By *Order* [12], the Court replaced Defendant City of Meridian Police Department with Defendant City of Meridian. An Omnibus Hearing was held on December 2, 2020. During the hearing, Plaintiff testified that he had not named the arresting officer in his Complaint, because he did not know the officer's name. Doc. [28] at p. 9-10, 21-22. On September 28, 2021, the Court entered an Order [40] construing the *Plaintiff's Notice of Voluntary Motion to Continue My Civil Lawsuit* [29], as an Amended Complaint to add Officer Thames as a

Defendant.[2] To date, Officer Thames has not been served with the Complaint in this lawsuit. On or about August 20, 2020, Walker was indicted on four counts of burglary and one count of simple assault on a law enforcement officer. *See* Doc. [45-1], Exhibit 1 (*Indictment*, providing that Walker cause[d] bodily injury to Officer Joshua Thames, slamming Officer Joshua Thames to the ground and striking Officer Joshua Thames with his fists"). On May 26, 2021, Plaintiff pled guilty to the charges, wherein he admitted that he burglarized the Dollar Tree in Meridian, Mississippi on multiple occasions and assaulted Officer Thames, on August 13, 2019. *Id*. at [45-2], Exhibit 2. Walker was convicted by the Circuit Court of Lauderdale County of the crime of simple assault on a law enforcement officer and sentenced as a habitual offender, pursuant to Mississippi Code Annotated § 99-19-81, to a prison term of five years.[3] *Id*. at [45-2], Exhibit 3. Plaintiff Walker is currently an inmate in the custody of MDOC; he is housed at South Mississippi Correctional Institution in Leakesville, Mississippi.

**STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477

---

[2] In its Order [40], the Court instructed the Plaintiff to serve Officer Thames within ninety (90) days. The Order also dismissed Defendant City of Meridian's *Motion to Dismiss or for Judgment on the Pleadings* [22].
[3] Walker was also convicted and sentenced on the burglary charges.

U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## ANALYSIS

### I. Plaintiff's Claims are Barred under *Heck v. Humphrey.*

At the time the Complaint was filed, and the Omnibus Hearing conducted, Walker had not pled guilty to the charges of burglary and assault on a law enforcement officer. He has now pled guilty to the charges, and Defendant argues that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees and finds that all of Plaintiff's allegations regarding his arrest are now barred by *Heck*.

In *Heck*, the Supreme Court held that a claim alleging unconstitutional actions is not cognizable under § 1983 if the unlawfulness of those actions would necessarily imply the invalidity of a conviction or sentence, unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Defendant points out that, after his arrest, Plaintiff pled guilty to the crime of assault on a police officer and admitted that he slammed Officer Thames to the ground during the subject incident, and that his conviction has never been reversed or otherwise invalidated or set aside. Doc. [46] at p. 7-8. Defendant's position is that, were Plaintiff to prevail on his excessive force claim (given his version of the underlying facts), it would necessarily imply that his conviction for assault on a police officer was invalid. Because of this, Defendant contends that

Plaintiff's claim is barred.

The factual dispute in this case concerns whether Officer Thames's use of his service weapon to effectuate Walker's arrest was an excessive use of force. Walker argues the officer should have used some lesser degree of force, such as a taser, to subdue him. Doc. [28], [29]. Walker contends he was running away from Officer Thames and posed no physical threat that warranted him being shot. *See* Omnibus Hearing Transcript, Doc. [28], p. 15 (Plaintiff testified "I was running from him. I didn't feel like I posed any threat toward the officer by me running from him. I did not put my hands on the officer."). *See also* Amended Complaint, Doc. [29], (Plaintiff claims "I gave him no apparent reason to shoot me. . . . [h]e has a tazor [sic] gun on his belt as well[,] why not use it[;] why shoot me with his service issued weapon"). Defendant asserts that Plaintiff was the aggressor and initiated an attack on Officer Thames, who is significantly smaller than the Plaintiff. *See* Doc. [46], p. 4, ¶6 (Defendant notes that Walker is 6'2" in height and weighs 230 pounds, while Officer Thames is 5'9" in height and weighs 167 pounds); Doc. [45-6], [45-7]; *see* also Doc. [46], at p. 5, ¶d (quoting Defendant's sworn testimony from the Omnibus Hearing Transcript, pp.10:21 to 11:1) ("On the way of me running from the officer, I remember him catching up with me. He put hands on me. He jumped on my back, which we both fell after he jumped on my back to – like, he choked me out. We both jumped back to our feet. When we got to our feet, all I knew, he shot, but I didn't fall").

Proof of an excessive force claim does not necessarily invalidate a conviction for assault on a law enforcement officer. Rather, the determination as to whether an excessive force claim is barred by *Heck* requires an analysis of "whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F. 3d 492, 497 (5th Cir. 2008). The

present case is in line with the Fifth Circuit opinions in *Arnold v. Town of Slaughter*, 100 Fed. Appx. 321 (5th Cir. 2004), and *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). In *Arnold*, the plaintiff was in his house when a car was stopped by police near his driveway. Arnold emerged from his home, and a scuffle ensued between Arnold and one of the officers, causing both men to fall. Arnold broke a bone in his neck because of the fall. According to the officers' version of the events, Arnold initiated the confrontation by threatening the officers and attempting to strike one of them. He was arrested and charged with public intimidation of police officers and possession of marijuana. These charges were eventually dropped. Subsequently, however, he was charged with and was convicted of resisting arrest in connection with the same incident. The conviction was based upon a factual finding that Arnold had interfered with the arrest of the motorist by being hostile, belligerent and threatening, and had initiated a physical confrontation with one of the officers during his own arrest. Several months later, Arnold brought an action for excessive force, contending that he had merely come outside to get his young son, who was looking at the police car lights, that he had done nothing to provoke the police officers, and that the officers had viciously attacked him for no reason. The Fifth Circuit concluded that Arnold's claims were barred by *Heck* because his version of the events was inconsistent with his conviction for resisting arrest.

      Similarly, in *DeLeon*, the plaintiff alleged that he had done nothing to provoke an officer's use of force against him. The officer, who had come to the plaintiff's home in response to a domestic dispute, insisted that DeLeon leave the home. According to DeLeon, the officer responded to the plaintiff's verbal protests by spraying him with mace; when DeLeon attempted to defend himself against the mace, the officer pulled out his baton and began swinging at DeLeon. DeLeon claimed he then grabbed the baton in self-defense, and the officers began fighting over it.

During the altercation, the officer shot DeLeon several times; DeLeon contended that two of the shots were fired after DeLeon was on the ground unarmed. The court concluded that DeLeon's excessive force claim was barred because he had subsequently pled guilty to a charge of aggravated assault on the officer. *Id*. at 657. Although the plaintiff argued that his conviction would not be invalidated if he proved that excessive force was used after the need for it had ceased, the court rejected this position, noting that the plaintiff had not alleged in his complaint that the excessive force claims were separable from his aggravated assault on the officer. *Id*. at 656. Rather, the plaintiff had maintained in his complaint that he did nothing wrong and was simply defending himself; in the words of the court, the complaint described "a single violent encounter throughout which [the officer] used excessive force." *Id*. at 656-57.

In the present case, however, Plaintiff's version of the facts is wholly at odds with the facts necessarily established by his conviction for assault on a law enforcement officer. Walker's Complaint and testimony describe a single violent encounter: he contends that he never put up any resistance or became physical but instead simply ran from Officer Thames, and that the officer then used excessive force against him. He has pled no alternative version of the facts.

Accordingly, the undersigned concludes that Plaintiff's excessive force claim is inseparable from his conviction for assault on a law enforcement officer, because the excessive force claim as pled by him, if proved, would necessarily imply the invalidity of his conviction. Walker's excessive force claim is not cognizable under § 1983. Because of his guilty plea and conviction, this claim is barred by *Heck*.

Likewise, the Court finds that Plaintiff's claim for monetary damages is barred by the United States Supreme Court's ruling in *Heck*. In *Heck*, the Court addressed whether a claim for monetary damages, which essentially challenges the plaintiff's conviction or imprisonment, is

7

cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted); *see* also *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). A judgment in favor of the Plaintiff in this action would necessarily imply the invalidity of his conviction for excessive force. In other words, if the Defendant used excessive force, then Plaintiff's conviction would be invalid – he would not be guilty of that crime. Plaintiff cannot sue for monetary damages unless and until his conviction is invalidated. Plaintiff has not shown that he has even appealed this conviction or requested to withdraw his plea; he certainly has not shown that the conviction has been reversed. The claim for monetary damages is also barred.

The Court finds that the *Motion for Summary Judgment Based on the Heck Doctrine* [45] is well-taken and should be granted for the reasons stated above.

## II. Plaintiff's Claims Fail on the Merits.

Even if not barred by *Heck*, Plaintiff's claims will fail on the merits. During the Omnibus Hearing, Plaintiff testified that his claims against the City of Meridian and its police department are based on his assertion that the Defendant provided inadequate training to Officer Thames. Doc.

[28] at 14-15. The failure-to-train claim is effectively against the city, which is a municipality, and such an entity cannot be held liable under § 1983 solely because it employed an alleged tortfeasor. *Monell v. Department of Social Services*, 436 U.S. 658, 691-692 (1978). The *Monell* Court held that the language of § 1983 "should not be read to impose liability vicariously . . . solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Id.* at 692. Instead, a municipality or county can be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Id.* at 694.

Plaintiff offered no argument or evidence of a policy, custom or practice which would have caused an infliction of excessive force. Neither has Plaintiff shown any evidence of constitutional inadequacies regarding training, supervision or control of employees engaged in the operations of the City of Meridian. Plaintiff's conclusory accusations that the Defendant failed to properly train Officer Thames cannot survive a motion to dismiss. To hold the Defendant liable, a failure to train or supervise claim requires that Plaintiff show:

(1) the supervisor either failed to supervise or train the subordinate official;

(2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and

(3) the failure to train or supervise amounts to deliberate indifference.

*Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). To show "deliberate indifference," a plaintiff must prove a *pattern* of violations and prove that the inadequacy of the training was obvious and likely to result in a constitutional violation. *Id.* "[A] showing of deliberate indifference is difficult, although not impossible to base on a single incident." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). *See also City of Oklahoma City v. Tuttle*, 471

U.S. 808, 813 (1985) (evidence of a singular incidence in and of itself is insufficient to impose liability).

Plaintiff has not alleged that Officer Thames has a prior history of using excessive force on suspects or arrestees, and Plaintiff's failure-to-train claim is based on this one incident. This is insufficient under the law. Plaintiff has pointed to no evidence whatsoever which would indicate training was inadequate, or that Officer Thames's use of his service weapon was excessive.

In pleading, a plaintiff must "'raise a right to relief above a speculative level,' *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554-55 (2007)). As to Defendant City of Meridian, Plaintiff has failed to do so. Thus, Plaintiff's claims of inadequate training would fail on the merits.

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant *City of Meridian's Motion for Summary Judgment Based on the Heck Doctrine* [45], be GRANTED and Plaintiff's Complaint against them is dismissed with prejudice. The Court finds the grant of summary judgment renders the Defendant's *Renewed Motion to Dismiss or for Judgment on the Pleadings* [43] MOOT.

SO ORDERED this the 28th day of July, 2022.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE